**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| United States of America, | Criminal Case No. 1:14-cr-0022-3 |
| | Civil Case No. 1:20-cv-00492 |
| Plaintiff/Respondent, | Judge Michael R. Barrett |
| v. | |
| Dominick Andrews, | |
| Defendant/Petitioner. | |

### **OPINION & ORDER**

This matter is before the Court on Petitioner's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. 186) ("§ 2255 motion") and Respondent's response thereto (Doc. 188).

**I.    BACKGROUND**

"In February 2014, a federal grand jury in the Southern District of Ohio returned a seven-count indictment against [Petitioner] and three co-conspirators." *United States v. Andrews*, 857 F.3d 734, 737 (6th Cir. 2017); (Doc. 13) (Indictment). Petitioner "was charged with conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count 1), conspiracy to interfere with commerce by robbery and threats of physical violence in violation of 18 U.S.C. § 1951 (Count 2), aiding and abetting the possession of firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 3 and 4), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 7)." *Andrews*, 857 F.3d at 737; (Doc. 13).

After the Court denied Petitioner's Motion to Dismiss, he "subsequently entered into a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)." *Andrews*, 857 F.3d at 737; (Doc. 67) (Plea Agreement); (Doc. 63) (Order denying Motion to Dismiss); (Doc. 43) (Motion to Dismiss). "In exchange for his agreement to plead guilty to Counts 1 and 3, the government agreed to dismiss Counts 2, 4, and 7. [Petitioner] and the government agreed to a sentence of 180 months' imprisonment and that [Petitioner] could withdraw his guilty plea if the district court refused to accept the agreement or impose the agreed-upon sentence." *Andrews*, 857 F.3d at 737; (Doc. 67). The Court held a change-of-plea hearing during which Petitioner pled guilty to Counts 1 and 3. *Andrews*, 857 F.3d at 738; (Doc. 66) (Criminal Minutes).

In between the date of the change-of-plea hearing and sentencing, Petitioner filed a motion to withdraw guilty pleas. (Doc. 89) (Motion to Withdraw). The Court denied the motion to withdraw. (Doc. 96). "At his sentencing hearing, [Petitioner] renewed his motion to withdraw;" the Court denied the renewed motion; and the Court "sentence[d Petitioner] under the terms of the plea agreement—120 months on Count 1 and 60 months on Count 3, to be served consecutively," for a total of 180 months. *Andrews*, 857 F.3d at 738; (Doc. 116) (Judgment); (Doc. 104) (Criminal Sentencing Minutes). The remaining counts were dismissed. (Doc. 105) (Order of Dismissal).

Petitioner timely appealed the Court's denial of his motion to withdraw (Doc. 118) (Notice of Appeal), and the U.S. Court of Appeals for the Sixth Circuit ("Sixth Circuit") reversed and remanded Petitioner's case with the instruction that Petitioner be allowed to

withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(1), *Andrews*, 857 F.3d at 742; *see* (Doc. 149) (Mandate of the Sixth Circuit).

On remand, Petitioner entered into another written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Doc. 165) (Plea Agreement). In exchange for his agreement to plead guilty to Counts 1 and 3, the government agreed to dismiss Counts 2, 4, and 7. (*Id.*) Petitioner and the government agreed to a sentencing range of 120 months to 240 months' imprisonment. (*Id.*) The Court held a change-of-plea hearing during which Petitioner pled guilty to Counts 1 and 3. (Doc. 166) (Criminal Minutes). At sentencing, the Court sentenced Petitioner to 108 months on Count 1 with credit for time served and 60 months on Count 3, to be served consecutively, for a total of 168 months. (Doc. 173) (Judgment); (Doc. 171) (Criminal Sentencing Minutes). The remaining counts were dismissed. (Doc. 172) (Order of Dismissal).

Petitioner timely appealed through counsel (Doc. 175), who then filed an *Anders* brief and motion for leave to withdraw (Doc. 181) (Sixth Circuit's unpublished Order). Petitioner did not respond to the *Anders* brief. (*Id.*) The Sixth Circuit granted Petitioner's appellate counsel leave to withdraw and affirmed this Court's judgment. (*Id.*); *see* (Doc. 182) (Mandate of the Sixth Circuit).

Petitioner sets forth a single ground for relief in his § 2255 motion: his conviction under Count 3, for aiding and abetting the possession of firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), is invalid in light of *United States v. Davis*, ––– U.S. –––, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019). (Doc. 186).

## II. ANALYSIS

Relief under 28 U.S.C. § 2255 is warranted upon a showing of either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). A petitioner using § 2255 must demonstrate relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

As an initial matter, the Court notes that, in his plea agreement, Petitioner agreed to waive

> the right to appeal the sentence imposed, except if the sentence imposed exceeds the 240 month agreed-to maximum. Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under "28 U.S.C. § 2255". However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 165 PageID 867). Petitioner's current challenge is thus contrary to the terms of his plea agreement. Out of an abundance of caution, though, the Court will consider Petitioner's challenge on the merits.

Motions brought under 28 U.S.C. § 2255 are subject to a 1-year period of limitation which generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2253(f)(1). In addition to the general rule, a prisoner may also file a habeas application within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* The Supreme Court of

the United States ("Supreme Court") issued *Davis* on June 24, 2019. The Court finds Petitioner's § 2255 motion, filed on June 24, 2020, to be timely filed.

18 U.S.C. § 924(c)(1)(A) "imposes enhanced punishments for 'any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." *United States v. Holmes*, No. 1:20-CR-58-2, 2021 WL 1709778, at *3 (S.D. Ohio Apr. 29, 2021) (quoting 18 U.S.C. § 924(c)(1)(A)). Stated otherwise, Section 924(c)(1)(A) authorizes a heightened penalty for possession of a firearm in relation to a drug trafficking crime. *See United States v. Chappell*, No. 1:14 CR 00341, 2020 WL 2812726, at *4 (N.D. Ohio May 28, 2020). Section 924(c)(1)(A) "is commonly called the 'elements clause.'" *Holmes*, 2021 WL 1709778, at *3.

18 U.S.C. § 924(c)(2), in turn, defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." *Chappell*, 2020 WL 2812726, at *4 (quoting 18 U.S.C. § 924(c)(2)). 18 U.S.C. § 924(c)(3), in turn, defines "crime of violence." Sections 924(c)(2) and (c)(3) are commonly called the "residual clauses." *See Holmes*, 2021 WL 1709778, at *3.

In *Davis*, the Supreme Court held that the definition of "crime of violence" in the residual clause of Section 924(c)(3) is unconstitutionally vague. 139 S. Ct. at 2336. *Davis*, however, has no impact on convictions based on the possession a firearm in furtherance of a drug trafficking crime under the residual clause of Section 924(c)(2). *See Chappell*, 2020 WL 2812726, at *4 (collecting cases); *see also In re Navarro*, 931 F.3d. 1298, 1302 (11th Cir. 2019) (holding that the defendant could not make the required showing to file a

5

second or successive § 2255 petition because his "§ 924(c) conviction is fully supported by his drug-trafficking crimes, and it therefore is outside the scope of *Davis*, which invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence.").

Petitioner was neither indicted nor sentenced under Section 924 for possessing a firearm in connection with a "crime of violence, but rather for firearm possession in relation to a drug-trafficking crime." *Andrews*, 857 F.3d at 742. As the government explains, the predicate in Petitioner's operative plea agreement was a "drug-trafficking crime" that qualifies under 18 U.S.C. § 924(c)(2) and was not a "crime of violence" that qualifies under 18 U.S.C. § 924(c)(3). (Doc. 188) (Government's response); (Doc. 165).

Petitioner was convicted of conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 (Count 1), which is a felony under the Controlled Substances Act. *See Chappell*, 2020 WL 2812726, at *4; *see also Baugh v. United States*, No. 3:16-CV-02628, 2020 WL 409728, at *4 (M.D. Tenn. Jan. 24, 2020), *appeal dismissed*, No. 20-5313, 2020 WL 5641105 (6th Cir. June 25, 2020) (explaining that "a conspiracy to possess cocaine with intent to distribute still qualifies as a drug-trafficking crime"); (Doc. 173). Consequently, Petitioner's 21 U.S.C. § 846 conspiracy conviction meets the definition of "drug trafficking crime" and his 18 U.S.C. § 924(c) penalty was not affected by *Davis. See Chappell*, 2020 WL 2812726, at *4. *Davis* does not provide any basis for relief based on the facts of Petitioner's case and, consequently, the Court will deny Petitioner's sole ground for relief found in his § 2255 motion.

As a final matter, Petitioner submitted a letter to the Court in February 2021 regarding "conspiracy law" and the evidence supporting, or, in his view, the lack of evidence supporting, his conviction for conspiring to possess cocaine with intent to

6

distribute in violation of 21 U.S.C. § 846 (Count 1). (Doc 195). The Clerk docketed this letter as "Supplemental Memorandum Supporting re 186 MOTION to Vacate under 28 U.S.C. 2255." (Doc. 195 Entry Text). However, Petitioner's February 2021 letter does not mention his § 2255 motion, his argument regarding his conviction under Count 3, or *Davis*. (Doc. 195). The Court will order the Clerk to correct the docket entry text associated with Petitioner's February 2021 filing such that the docket entry text for (Doc. 195) reads "letter from Petitioner." Should Petitioner wish to submit a challenge relating to his conviction under Count 1, such a claim would constitute a second or successive petition requiring advance permission from the Sixth Circuit under 28 U.S.C. § 2255(h).

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Petitioner's § 2255 motion (Doc. 186) is **DENIED**; the Court will not issue a certificate of appealability; and the Clerk **SHALL** correct the docket entry text associated with Petitioner's (Doc. 195) such that the text reads "letter from Petitioner."

**IT IS SO ORDERED**.

/s Michael R. Barrett
Michael R. Barrett, Judge
United States District Court

7